JULIAN CHETCUTI *v.* COMMISSIONER OF CORRECTION
(13983)

SHEA, COVELLO, HULL, BORDEN and SANTANIELLO, Js.

Argued December 7, 1990—decision released April 23, 1991

*Charlotte G. Koskoff,* with whom was *Stephen Frazzini,* for the appellant (petitioner).

*James A. Killen,* assistant state's attorney, with whom, on the brief, was *John J. Kelley,* chief state's attorney, for the appellee (respondent).

PER CURIAM. In this habeas corpus action, the petitioner claims that his conviction should be set aside because the pool of veniremen available for selection of a petit jury at his trial in 1974 was not representative of a fair cross-section of the population of Fairfield county, in violation of his right under the sixth amendment to our federal constitution to a trial "by an impartial jury of the State and district wherein the crime shall have been committed." He also claims a violation of his sixth amendment right "to have the assistance of counsel for his defense" in that his attorney at trial failed to challenge the array from which his jury was selected. The basis for the petitioner's claim that the jury pool was not representative of the Fairfield county population was that black people were not included in proportion to their number in the county. Because he is white, and thus is not a member of the underrepresented minority group, the petitioner has not claimed a violation of his federal fourteenth amendment right to "the equal protection of the laws." *Fay v. New York,* 332 U.S. 261, 287, 67 S. Ct. 1613, 91 L. Ed. 2043, reh. denied, 332 U.S. 784, 68 S. Ct. 27, 92 L. Ed. 367 (1947).[1] He was eligible, however, to assert a fair cross section claim upon the ground that discrimi-

---

[1] The United States Supreme Court has recently extended to a white criminal defendant standing to attack the use of peremptory challenges of black jurors by the prosecution as racially discriminatory and violative of the right to equal protection of the laws. *Powers* v. *Ohio,*      U.S.    , 111 S. Ct. 1364, 113 L. Ed. 2d 411 (1991); see *Batson* v. *Kentucky,* 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986). Our disposition of the present case would not be affected if this defendant had asserted an equal protection challenge rather than a fair cross section challenge to the composition of the jury that found him guilty.

nation against any significant minority group would render the jury array not fairly representative of the "district wherein the crime [was] committed." *Peters v. Kiff,* 407 U.S. 493, 504, 92 S. Ct. 2163, 33 L. Ed. 2d 83 (1972).

After concluding that the petitioner had not deliberately bypassed his opportunity to challenge the array in the trial court, the habeas court rejected both his claim of a fair cross section violation and his claim of ineffective assistance of counsel. It rendered judgment dismissing the petition. The petitioner's appeal from that judgment was argued in this court as a companion case to the appeals of thirty-one other petitioners who had raised equal protection claims based upon underrepresentation of black or Hispanic people on jury arrays in Fairfield county resulting from the town quota system of jury pool composition established by General Statutes (Rev. to 1975) § 51-220, which was in effect while their cases were pending in the trial court. See *Johnson v. Commissioner of Correction,* 218 Conn. 403, 589 A.2d 1214 (1991). Without addressing the merits of the equal protection claims, we affirmed the judgments dismissing those petitions. Id. For reasons similar to those expressed in *Johnson,* we affirm the dismissal of the petition in this case without considering the merits of the petitioner's fair cross section claim.

In *Johnson* we held that the procedural default of the petitioners in failing to challenge the array of jurors before trial, as required by Practice Book §§ 810 and 811, barred habeas review of the merits of the petitioners' equal protection claims. For the same reason, we conclude that the failure of this petitioner before trial to challenge the array available for selection of a petit jury for his trial precludes habeas review of his fair cross section claim.

In *Johnson* we also held that the failure of trial counsel for each petitioner to challenge the array of jurors available for selection on grand or petit juries did not constitute ineffective assistance of counsel under the standard for performance of defense counsel established in *Strickland* v. *Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). For the reasons given in *Johnson,* as well as the further consideration that competent counsel would not ordinarily have any reason to believe that a jury array including more black people would be more favorably disposed toward a white defendant, we reject this petitioner's claim that his counsel was ineffective for failure to challenge the array of jurors in his case. Accordingly, we agree with the habeas court that the petition should be dismissed.

The judgment is affirmed.